Paul Stewart (SBN 153,467)
paul.stewart@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OFFERUP, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| OFFERUP, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFER UP INVESTMENTS, LLC, a Florida limited liability company; Cesar O. Estrada, an individual; and Sylvia M. Estrada, an individual,<br><br>　　　　Defendants. | Civil Action No. 2:23-cv-1062<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION,**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff OfferUp, Inc. ("OfferUp" or "Plaintiff") hereby complains of defendants Offer Up Investments, LLC ("OUI"), Cesar O. Estrada, and Sylvia M. Estrada (collectively, "Defendants") and alleges as follows:

## INTRODUCTION

1. OfferUp brings this action to prevent Defendants' willful infringement of OfferUp's trademarks and intentional distribution of spam emails created to trick recipients into believing they originate from OfferUp. Defendants are using and have used the identical mark OfferUp and the confusingly similar domain name <offerupinvestments.com> in a manner that has caused and will continue to cause consumer confusion. Defendants have even copied the stylized font of Plaintiff's OfferUp trademark such that Defendants' mark and Plaintiff's OfferUp trademark are indistinguishable. Defendants' misconduct threatens to cause significant harm to Plaintiff, damaging Plaintiff's valuable reputation and goodwill. Accordingly, Plaintiff seeks a judgment from this Court requiring Defendants to cease all infringement, to compensate Plaintiff for all of its damages, and to disgorge all of Defendants' profits wrongfully gained as a result of their infringement. Plaintiff also seeks the recovery of its attorneys' fees and other remedies, including treble damages, for Defendants' willful infringement.

## JURISDICTION AND VENUE

2. This is an action for: (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin arising under 15 U.S.C. § 1125(a), (c) common law trademark infringement under the common law of the State of California, and (d) common law unfair competition under the common law of the State of California.

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

5. Plaintiff OfferUp is a Delaware corporation having a principal place of business at 1745 114th Avenue SE, Suite 100, Bellevue, Washington 98004.

6. Upon information and belief, Defendant OUI is a Florida limited liability company having a place of business at 11747 Malverns Loop, Orlando, FL 32832.

7. Upon information and belief, Defendant Cesar O. Estrada serves as a manager of Defendant OUI and resides in Florida.

8. Upon information and belief, Defendant Sylvia M. Estrada also serves as a manager of Defendant OUI and resides in Florida.

9. Upon information and belief, Defendants Cesar O. Estrada and Sylvia M. Estrada each directed, controlled, ratified, participated in, and were the moving force behind the infringing acts alleged herein. In particular, upon information and belief, Defendants Cesar O. Estrada and Sylvia M. Estrada personally selected, adopted, and made the decision to use the infringing marks described herein.

10. Defendants are subject to the specific jurisdiction of this Court by committing acts of trademark infringement, false designation of origin, unfair competition, and dilution in this Judicial District, including on their infringing website and various social media platforms, which acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

**ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

11. OfferUp provides a leading online marketplace platform under its well-known OfferUp® trademark ("OfferUp Platform"). The OfferUp Platform can be accessed through the widely used OfferUp® mobile apps or through the offerup.com website. Founded in 2011, OfferUp has spent considerable time, effort and money developing its reputation as a leading mobile-driven marketplace. In 2015, OfferUp was named one of the hottest startups by Forbes. In 2016, the OfferUp® mobile apps ranked in the top four most

1  downloaded applications in both the Apple App Store and Google Play Store's
2  lifestyle and shopping categories, facilitating over $14 billion in transactions
3  between users through its marketplace. As of 2021, the OfferUp® mobile apps
4  have been downloaded over 90 million times and maintain over 20 million
5  monthly active users.

6      12.    As a result of its substantial investment, the OfferUp trademark has
7  acquired great value as a specific identifier of the OfferUp Platform and serves to
8  distinguish Plaintiff's products and services from those of others.

9      13.    Plaintiff owns U.S. Trademark Registration No. 4,267,416 issued by
10 the United States Patent and Trademark Office on October 16, 2012 for the mark
11 OfferUp in connection with "[d]ownloadable computer application software for
12 mobile devices; software for marketing, advertising, and selling goods and services
13 via the Internet or other communications network; computer application software
14 for enabling users to find, view, evaluate, and purchase goods and services via the
15 Internet or other communications network; computer application software for
16 mobile phones, namely, software for the bringing together, for the benefit of
17 others, of a variety of goods and services, enabling customers to conveniently view
18 and purchase those goods and services" and "[o]nline marketing, advertising, and
19 the provision of commercial, advertising, and promotional information about the
20 goods and services of others; the bringing together, for the benefit of others, of a
21 variety of goods and services, enabling customers to conveniently view and
22 purchase those goods and services via the Internet or other communications
23 networks from an Internet web site particularly specializing in the marketing of the
24 sale of goods and services of others; providing classified advertising space via the
25 Internet or other communications network." A true and correct copy of this
26 registration is attached to this Complaint as Exhibit 1.

27     14.    Plaintiff's U.S. Trademark Registration No. 4,267,416 for the mark
28 OfferUp is now incontestable under the provisions of the Lanham Act, 15 U.S.C. §

1065. The declaration of incontestability was filed on December 12, 2018.

15. Plaintiff's incontestable trademark registration is conclusive evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce.

16. Plaintiff also owns U.S. Trademark Registration No. 5,474,234 issued by the United States Patent and Trademark Office on May 22, 2018 for the mark OfferUp in connection with "[t]elecommunications services, namely, the electronic transmission of data and information; electronic messaging; providing an online, interactive bulletin board for the transmission of messages among computer users concerning hobbies, collectibles, trading, and the sale of goods and services via a global computer network" and for "[p]roviding temporary use of non-downloadable software for marketing, advertising, and selling goods and services via the Internet or other communications network; providing temporary use of non-downloadable software for enabling users to find, view, evaluate, and purchase goods and services via the Internet or other communications network; providing temporary use of non-downloadable software, namely, software for the bringing together, for the benefit of others, of a variety of goods and services, enabling customers to conveniently view and purchase those goods and services." A true and correct copy of this registration is attached to this Complaint as Exhibit 2.

17. As a result of Plaintiff's investment in promoting the OfferUp trademark, and the widespread commercial success of its OfferUp Platform, Plaintiff has developed a tremendous amount of goodwill in its trademark.

18. Customers in this Judicial District and elsewhere readily recognize Plaintiff's OfferUp trademark as distinctive designations of origin of Plaintiff's products and services.

19. Upon information and belief, Defendants own and control the OfferUp Investments website, https://offerupinvestments.com/ (the "Infringing

Site").

20. Long after Plaintiff began using the OfferUp trademark, Defendants began using the identical mark OfferUp ("Infringing Mark") in the following logo with OfferUp being the most dominant element.



21. The Infringing Mark prominently displays the wording OfferUp in essentially the same stylized font as used by Plaintiff in connection with its OfferUp trademark, as shown below.

 

22. Without permission or authority from Plaintiff, Defendants have infringed Plaintiff's OfferUp trademark in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell Defendants' products and services under a virtually identical mark.

23. Plaintiff is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the Infringing Mark is intended to trade upon the goodwill and substantial recognition associated with Plaintiff's OfferUp trademark.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendants are using their Infringing Mark in an attempt to associate their real estate investment marketplace platform with Plaintiff's well-known OfferUp Platform, to cause mistake or deception as to the source of Defendants' products and services, and/or to otherwise trade upon Plaintiff's valuable reputation and customer goodwill in its OfferUp trademark.

25. Plaintiff is informed and believes, and on that basis alleges, that Defendants' use of the Infringing Mark is designed to cause confusion, mistake, or deception.

26. By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Plaintiff's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Plaintiff's and Defendants' goods and services, have caused actual confusion, and have otherwise competed unfairly with Plaintiff by unlawfully trading on and using Plaintiff's OfferUp trademark without Plaintiff's permission or consent.

27. Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

28. Defendants' acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions and infringements. Damages to Plaintiff's reputation are exacerbated by the Defendants' practice of sending spam emails that prominently display Plaintiff's OfferUp trademark from an email address that also incorporates the OfferUp trademark. Defendants' spam promotional communications have confused and will continue to confuse recipients into believing that OfferUp was affiliated with or sponsored these unsolicited junk emails, thus harming Plaintiff's reputation.

29. Defendants' acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from their wrongful actions complained of herein.

/ / /

/ / /

/ / /

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

30. Plaintiff realleges Paragraphs 1-29, as if fully set forth herein.

31. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

32. Defendants have used in commerce, without permission of Plaintiff, a mark that is identical and confusingly similar to Plaintiff's federally registered OfferUp trademark.

33. Defendants have infringed Plaintiff's OfferUp trademark by using the identical and confusingly similar OfferUp mark in connection with Defendants' online real estate marketplace website and related spamming activities. Defendants have exacerbated their infringement by presenting their infringing OfferUp mark in a stylized font that is nearly identical to the font of Plaintiff's OfferUp trademark.

34. Plaintiff is informed and believes, and on that basis alleges, that Defendants adopted their OfferUp mark and stylized font with the intent to cause confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' real estate marketplace business is associated with, sponsored by or approved by Plaintiff, when it is not.

35. Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Plaintiff's ownership and prior use of the OfferUp trademark and without the consent of Plaintiff, have willfully violated 15 U.S.C. § 1114.

36. Defendants' aforementioned acts have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

37. By their actions, Defendants are irreparably injuring Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for

which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

38. Plaintiff hereby realleges Paragraphs 1-37, as if fully set forth herein.

39. This is a claim for false designation of origin arising under 15 U.S.C. § 1125(a).

40. Defendants' use of the identical OfferUp mark in conjunction with Defendants' online real estate marketplace website and related spamming activities is confusingly similar to Plaintiff's OfferUp trademark.

41. Defendants' use of the OfferUp mark without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services in violation of 15 U.S.C. § 1125(a).

42. Such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of Defendants' products and services or cause said persons to mistakenly believe that Defendants and/or their products and services have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

43. Plaintiff is informed and believes, and on that basis alleges, that Defendants did so with the intent to unfairly compete against Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products and services are associated with, sponsored by or approved by Plaintiff, when they are not.

/ / /

44. Plaintiff is informed and believes, and on that basis alleges, that Defendants had knowledge of Plaintiff's ownership and prior use of the OFFERUP marks, and without the consent of Plaintiff, have willfully violated 15 U.S.C. § 1125(a).

45. Defendant's aforementioned acts have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

46. By their actions, Defendants are irreparably injuring Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

47. Plaintiff hereby realleges Paragraphs 1-46, as if fully set forth herein.

48. This is a claim for common law trademark infringement under the common law of the State of California.

49. Plaintiff is the senior user of the OfferUp trademark and enjoys priority over Defendants. Plaintiff's substantial use of the OfferUp trademark has resulted in the OfferUp trademark being protectable and enforceable. Plaintiff owns all rights, title, and interest in and to the marks, including all common law rights in such marks.

50. Defendants, without authorization from Plaintiff, have used and are continuing to use spurious designations that are identical to, and confusingly similar to, the OfferUp trademark.

51. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' goods and services, marketed and sold under infringing marks, originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

52. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the OfferUp trademark and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

53. Defendants' acts constitute trademark infringement in violation of the common law of the State of California.

54. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

55. Defendants' acts have damaged, and unless enjoined by this Court, will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

56. Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

57. Plaintiff hereby realleges Paragraphs 1-56, as if fully set forth herein.

58. This is a claim for common law unfair competition arising under the common law of the State of California.

59. By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the State of California.

60. By their actions, Defendants have injured and violated the rights of Plaintiff in an amount to be determined at trial.

61. By their actions, Defendants are irreparably injuring Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

/ / /

62. Defendants' willful acts of unfair competition under California common law constitute fraud, oppression, and malice. Accordingly, Plaintiff is entitled to exemplary damages.

### CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to award Plaintiff the following relief:

A. That the Court render a final judgment in favor of Plaintiff and against Defendants on all claims for relief alleged herein;

B. That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's trademark rights in its federally registered OfferUp trademark;

C. That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of Defendants' products and unfairly competing with Plaintiff through the marketing, sale and promotion of Defendants' products and services using the OfferUp trademark.

D. That Defendants be adjudged to have infringed Plaintiff's trademark rights under the common law of the State of California;

E. That Defendants be adjudged to have unfairly competed with Plaintiff under the common law of the State of California;

F. That Defendants, as well as Defendant OUI's officers, directors, principals, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    1. using the OfferUp trademark or any confusingly similar mark in connection with advertising, marketing, and/or promoting Defendants' business;

  2. manufacturing, distributing, shipping, importing, selling, and/or offering to sell any products or services bearing the OfferUp trademark or any confusingly similar mark;

  3. using any mark confusingly similar to Plaintiff's OfferUp trademark in any manner that is likely to create the impression that Defendant's goods or services originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

  4. using the domain name https://offerupinvestments.com/, or any other domain name that includes the phrase "offerup";

  5. otherwise infringing Plaintiff's OfferUp trademark;

  6. falsely designating the origin of Defendants' goods or services;

  7. unfairly competing with Plaintiff in any manner whatsoever; and

  8. causing a likelihood of confusion or injury to Plaintiff's business reputation.

 G. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

 H. That Defendants be required to account to Plaintiff for any and all profits derived by Defendants and all damages sustained by Plaintiff by virtue of Defendant's acts complained of herein;

 I. That Defendants be ordered to pay over to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial;

 J. That Defendants' actions complained of herein be deemed willful, and that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117, and further,

that Plaintiff be entitled to enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117;

K.  That Plaintiff recover punitive damages to the extent permitted by state law;

L.  That Plaintiff recover the costs of this civil action;

M.  That Defendants be required to deliver and destroy within thirty (30) days all devices, literature, advertising, packaging, goods, and other materials bearing the infringing marks pursuant to 15 U.S.C. § 1118; and

N.  That Plaintiff be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 13, 2023        By: */s/ Paul Stewart*
                                Paul Stewart

                                Attorneys for Plaintiff
                                OFFERUP, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 13, 2023      By: */s/ Paul Stewart*
Paul Stewart

Attorneys for Plaintiff
OFFERUP, INC.

55621323