**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFERUP, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>OFFER UP INVESTMENTS, LLC et al.,<br><br>            Defendants. | Case No. 2:23-cv-01062-FLA (KKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DKT. 18]** |

## RULING

Before the court is Plaintiff OfferUp, Inc.'s ("Plaintiff") Motion for Default Judgment ("Motion") against Defendants Offer Up Investments, LLC, Cesar O. Estrada, and Sylvia M. Estrada (collectively, "Defendants"). Dkt. 18 ("Mot."); Dkt. 18-1 ("Mot. Br."). Defendants did not file an opposition or otherwise appear in this action.

For the reasons stated herein, the court GRANTS the Motion and ENTERS Default Judgment in Plaintiff's favor. Plaintiff is ORDERED to serve a copy of this Order on Defendants via certified mail within five (5) days from the date of this Order.

**BACKGROUND**

Plaintiff filed this action against Defendants on February 13, 2023, alleging claims relating to trademark infringement, false designation of origin, and unfair competition. Dkt. 1. Plaintiff served Defendants a copy of the Summons and Complaint on March 15, 2023, but Defendants failed to answer or appear. *See* Dkt. 12. The court clerk entered default against Defendants on April 25, 2023. Dkt. 16. Plaintiff filed the instant Motion on May 22, 2023. Mot.

**DISCUSSION**

**I.  Procedural Requirements**

This district requires an application for default be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b)(1) and (2), and include the following:

> (a) When and against what party the default was entered;
> (b) The identification of the pleading to which default was entered;
> (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
> (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and
> (e) That notice has been served on the defaulting party, if required by [Fed. R. Civ. P.] 55(b)(2).

Local Rule 55-1.

The Motion and supporting materials state: (a) default was entered against Defendants on April 25, 2023; (b) default was entered by the clerk of the court on the operative Complaint; (c) Defendants are not infants and have not been deemed incompetent; and (d) the Servicemembers Civil Relief Act does not apply to this action. *See* Dkt. 18-2 ("Stewart Decl.") ¶¶ 2–5. As Defendants have not appeared in the action, Plaintiff was not required to serve Defendants with written notice of the Motion. *See* Fed. R. Civ. P. 55(b)(2) ("If the party against whom a default judgment

2

is sought has appeared personally or by representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."). Plaintiff, nevertheless, chose to do so. Stewart Decl. ¶ 5.

Accordingly, the court finds Plaintiff has met the procedural requirements of Local Rule 55-1.

## II. Default Judgment Legal Standard

The court clerk is generally authorized to enter a default judgment at a plaintiff's request against a defendant without a court hearing or judicial action if the claim is for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the court for a default judgment. *Id.*

The court has considerable discretion regarding what it may require as a prerequisite to the entry of default judgment. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2) (paragraph breaks omitted). "The general rule of law is that upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917–18 (citation and quotation marks omitted). However, facts which are not established by the pleadings or claims and are not well-pleaded cannot support a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute

concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The court considers the *Eitel* factors in turn below.

### III.  The *Eitel* Factors

#### A.  Possibility of Prejudice to Plaintiff

Plaintiff contends it will face prejudice if the Motion is not granted. *See* Mot. Br. at 11.[1]  The court agrees.  Taking the factual allegations of the Complaint as true, Defendants make, use, promote, advertise, sell, and/or offer their products using a mark virtually identical to Plaintiff's OfferUp trademark, causing Plaintiff damage. Compl. ¶¶ 22, 28.  Without entry of default judgment, Plaintiff is likely to be without recourse due to Defendants' lack of response.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (granting default judgment and permanent injunction where plaintiffs otherwise "will likely be without other recourse for recovery").  Thus, the first *Eitel* factor favors entry of default judgment.

#### B.  Merits of Plaintiff's Claims and Sufficiency of the Complaint

The next two *Eitel* factors are (1) the merits of Plaintiff's substantive claim, and (2) the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471–72.  The Ninth Circuit instructs these two factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

To state a claim for trademark infringement, Plaintiff must establish: (i) a protected ownership interest in its trademark; and (ii) that Defendants' use of its competing trademark is likely to cause consumer confusion. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124–25 (9th Cir. 2014).  Proof of Plaintiff's claims for false designation of origin and unfair competition require an identical analysis. *See*

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

*Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1031–32 (C.D. Cal. 2011).

Here, Plaintiff adequately alleges both elements. First, Plaintiff alleges it owns two registrations for the OfferUp trademark, for use of the marks in connection with, *inter alia*, selling goods and services via the Internet, electronic messaging, and online marketing. Compl. ¶¶ 13–16. Plaintiff's U.S. Trademark Registration No. 4,267,416 is now incontestable under the Lanham Act, 15 U.S.C. § 1065.

Second, Plaintiff alleges Defendants used the allegedly infringing trademark in connection with the website, https://offerupinvestments.com/, in an attempt to associate Defendants' real investment marketplace platform with Plaintiff's well-known OfferUp Platform, to cause mistake or deception as to the source of Defendants' products and services, and/or otherwise trade upon Plaintiff's valuable reputation and goodwill in its OfferUp trademark. *Id.* ¶¶ 20–26. Plaintiff additionally presents images of its registered mark and Defendants' allegedly infringing mark. *Id.* ¶ 21. On the subject Motion, these allegations are sufficient to establish Defendants' use of the allegedly infringing mark is likely to cause customer confusion.

Based on the foregoing, the court is satisfied the Complaint is sufficiently pleaded. The second and third *Eitel* factors weigh in favor of entering default judgment.

### C.  Sum of Money at Stake

Next, the court considers "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 328 F. Supp. 2d at 1176; *see also Eitel*, 782 F.2d at 1471–72. This requires the court to assess whether the recovery sought is proportional to the harm caused by Defendants' conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, Case No. 3:04-cv-02559-JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

While the Complaint requests damages (Compl., Prayer for Relief ¶¶ J–K), Plaintiff's Motion purports to seek "no monetary relief, only an injunction" (Mot. Br. at 16). The court, therefore, interprets the Motion to seek only equitable, but not monetary, relief. The fourth *Eitel* factor, therefore, weighs in favor of entry of default judgment.

### D. Possibility of a Dispute Concerning Material Facts

The court may also consider whether there is a possibility of a dispute between the parties concerning material facts. *Eitel*, 782 F.2d 1471–72. Defendants did not respond to the Complaint. Therefore, there is no basis upon which the court can find a genuine dispute of material fact. This factor also favors entering default judgment against Defendants.

### E. Whether Default Was Due to Excusable Neglect

Plaintiff served Defendants with a copy of the Summons and Complaint on April 25, 2023. Dkt. 12. Plaintiff warned Defendants that failure to respond would result in entry of default judgment. Dkt. 13. Excusable neglect is unlikely to be present where a defendant is properly served and, therefore, aware of the pending action. *WeCosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). As it appears Defendants were properly served and have not provided any evidence of circumstances constituting excusable neglect, this *Eitel* factor favors entering default judgment.

### F. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But "[t]he very fact that [Fed. R. Civ. P.] 55(b) exists shows that this preference, standing alone, is not dispositive." *Kloepping v. Fireman's Fund*, Case No. 3:94-cv-02684-TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). Moreover, Defendants' decision not to defend this action makes it impracticable, if not impossible, for the court to render a decision on the merits. Accordingly, while the final *Eitel* factor will always disfavor the entry of default judgment, it does not

alone outweigh the other factors.

### G. Conclusion

In sum, six of the seven *Eitel* factors favor entering default judgment against Defendants. The court, therefore, finds it appropriate to enter default judgment in Plaintiff's favor and against Defendants.

The court now turns to the appropriateness of the relief Plaintiff seeks.

## IV. Plaintiff's Relief

The Lanham Act provides the court may "grant injunctions, according to principles of equity." 15 U.S.C. § 1116(a). The court may grant injunctive relief where a plaintiff demonstrates: (i) it has suffered an irreparable injury; (ii) remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (iii) considering the balance of hardships, a remedy in equity is warranted; and (iv) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The court finds Plaintiff has met its burden to demonstrate its entitlement to injunctive relief. First, under the Lanham Act, Plaintiff is "entitled to a rebuttable presumption of irreparable harm" upon a finding of infringement. 15 U.S.C. § 1116(a); *see also Tempur Sealy Int'l, Inc. v. Seltyk Mattress Inc.*, Case No 2:22-cv-06194-ODW (PVCx), 2023 WL 3075881, at *5 (C.D. Cal. Apr. 25, 2023) (applying this presumption in the context of a default judgment). Upon default, the presumption is conclusive. *Tempur Sealy*, 2023 WL 3075881, at *5.

Second, the Ninth Circuit has held that "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). Given the nature of Plaintiff's claim, therefore, the court may presume monetary damages are inadequate.

Third, the balance of hardships between Plaintiff and Defendants favors granting an injunction. As alleged in the Complaint, Plaintiff will be irreparably

harmed by Defendants' continued infringement. Compl. ¶ 29. In contrast, an infringing defendant faces no hardship from being enjoined from violating the law. *See Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011).

Finally, the public interest favors an injunction. The public has a strong interest in "avoiding confusion between two companies' products." *WeCosign*, 845 F. Supp. 2d at 1084. As stated, Plaintiff adequately alleges that Defendants' use of its trademark is likely to cause consumer confusion.

The court, therefore, finds Plaintiff is entitled to a permanent injunction enjoining Defendants from the continued use of its OfferUp trademarks.

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff's Motion and ENTERS Default Judgment as follows:

1. Final Judgment is entered in favor of Plaintiff and against Defendants on all claims in the Complaint.
2. Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, shall be forthwith permanently enjoined from:
    a. Manufacturing, distributing, shipping, importing, selling, and/or offering to sell any products or services under the OfferUp trademark or any confusingly similar mark.
    b. Using the OfferUp trademark alone or in combination with other terms, or any confusingly similar mark, in connection with advertising, marketing, and/or promoting Defendants' business, including the sending of marketing emails under the name OfferUp Investments, Inc. or any other name that includes the phrase "Offer Up," and further including the operation of any website under the

8

       domain name https://offerupinvestments.com or any other domain name that includes the phrase "offerup."

    c. Falsely designating the origin of Defendants' goods or services as being related to or in any way associated with Plaintiff, the OfferUp trademark, or any confusingly similar mark.

    d. Unfairly competing with Plaintiff by trading on or using Plaintiff's OfferUp trademark or any confusingly similar mark without Plaintiff's express consent.

3. Plaintiff is ORDERED to serve a copy of this Order on Defendants via certified mail within five (5) days from the date of this Order.

4. Defendants are ORDERED to file with the court and serve on Plaintiff within thirty (30) days after the service of this Order a report setting forth in detail the efforts Defendants have undertaken to comply with the injunction pursuant to 15 U.S.C. § 1116.

5. Defendants are ORDERED to destroy within thirty (30) days of service of this Order all devices, literature, advertising, packaging, goods, and other materials bearing their infringing marks pursuant to 15 U.S.C. § 1118.

6. Plaintiff is awarded its costs in an amount to be taxed by the clerk.

IT IS SO ORDERED.

Dated: July 25, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge